# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 20, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**AMANDA BENNETT,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0854** (BOR Appeal No. 2046803)
                    (Claim No. 2011015258)

**COMMUNITY HEALTH ASSOCIATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Amanda Bennett, by Edwin H. Pancake, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Community Health Association, by Lisa A. Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 26, 2012, in which the Board affirmed a December 21, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed two claims administrator decisions issued on November 16, 2010. In the first decision, the claims administrator held Ms. Bennett's claim compensable for a sprain of the left shoulder rotator cuff, but it denied coverage for supraspinatus muscle of the left shoulder and superior glenoid labrum lesion of the left shoulder. In its second decision, the claims administrator denied authorization for a surgical evaluation of Ms. Bennett's left shoulder. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Bennett worked for Community Health Association as a registered nurse. Ms. Bennett has a significant history of left shoulder and mid-back problems including an injury in May of 2009, for which she received physical therapy and diagnostic care from Craig Swann, D.O., and Kimberly Burgess, M.D. On October 8, 2010, Ms. Bennett injured her left shoulder

1

while lifting a heavy patient into a bed. Ms. Bennett was diagnosed with a left rotator cuff injury. Ms. Bennett filed an application for workers' compensation benefits based on this incident. Following her application, Dr. Burgess examined Ms. Bennett regarding her new injury and had an MRI taken of Ms. Bennett's left shoulder. Dr. Burgess found that the MRI revealed evidence of tendinosis or a partial rotator cuff tear, mild impingement, and an apparent SLAP tear. Dr. Burgess compared this MRI to another MRI taken on April 11, 2010, prior to her October 8, 2010, injury. Dr. Burgess found that there did not seem to be much difference between the two MRIs, but she recommended that Ms. Bennett be referred to Paul Legg, M.D., for a surgical evaluation. On November 16, 2010, the claims administrator held the claim compensable for a sprain of the left shoulder rotator cuff. The claims administrator disallowed the diagnosis of supraspinatus muscle of the left shoulder, and superior glenoid labrum lesion of the left shoulder. In a second decision on November 16, 2010, the claims administrator denied the request for a referral to Dr. Legg for surgical evaluation. On December 21, 2011, the Office of Judges affirmed both claims administrator decisions. The Board of Review affirmed the Order of the Office of Judges on June 26, 2012, leading Ms. Bennett to appeal.

The Office of Judges concluded that the claims administrator properly limited the conditions related to the current injury. The Office of Judges found that Ms. Bennett had pre-existing shoulder problems that were properly excluded. The Office of Judges also found that the MRI taken following the compensable injury revealed similar findings to the MRI that predated the compensable injury. The Office of Judges also concluded that a preponderance of the evidence did not support referring Ms. Bennett to an orthopedic surgeon for her compensable left shoulder injury. The Office of Judges found that Ms. Bennett's chronic and pre-existing shoulder problems necessitated the surgical consultation. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Ms. Bennett has not demonstrated that the additional conditions are causally related to her compensable injury. The evidence in the record shows that Ms. Bennett has a significant history of shoulder problems. The evidence in the record also shows that these pre-existing conditions were not aggravated by her compensable injury. There are two MRIs in the record: the first taken prior to the compensable injury and the second taken after the compensable injury. According to Dr. Burgess, both MRIs reveal similar findings. Ms. Bennett has also not demonstrated that the requested surgical evaluation is medically related and reasonably necessary to treat her compensable injury. The evidence in the record shows that the treatment is related to Ms. Bennett's pre-existing shoulder conditions.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 20, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum